# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50502 | **DATE** | 12/10/2004 |
| **CASE TITLE** | DirecTV vs. Leonard | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Request for Entry of Default Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse, it is the Report and Recommendation of the Magistrate Judge that DIRECTV's Motion for Default be allowed and an order of default judgment be entered against Dawn Leonard. The Magistrate Judge also recommends that a hearing be held to determine the amount of damages and whether Leonard qualifies as a "person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment" under 47 U.S.C. § 605(e)(4). The parties are given ten days from service of this Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Fed. R. Civ. P. 72.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | 12/13/04 date docketed | 7 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 12/10/2004 | |
| AM | courtroom deputy's initials | date mailed notice | |
| | | GG | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# ORDER

DIRECTV, Inc. ("DIRECTV") filed suit against Dawn Leonard ("Leonard") alleging violations of the Federal Communications Act, 47 U.S.C. § 605, the Wire and Electronic Communications Interceptions Act, 18 U.S.C. §§ 2510-2521, and civil conversion. Leonard was personally served on January 28, 2004, at her residence. As of December 8, 2004, Leonard has not answered or plead to the complaint. On September 30, 2004, DIRECTV filed a Motion for Default Judgment. For the following reasons, it is the Report and Recommendation of the Magistrate Judge that DIRECTV's Motion for Default Judgment be allowed. However, this court does not recommend that DIRECTV's motion be granted for a sum certain.

DIRECTV alleges that Leonard violated 47 U.S.C. § 605 by "modifying or assembling devices primarily of assistance in the unauthorized decryption of satellite programming." (Pl.'s Mot., at III. A.) DIRECTV also alleges that Leonard violated 18 U.S.C. §§ 2510-2521 by assembling or possessing "at least one device shipped to Defendant through the mail . . . primarily useful for the purpose of surreptitious interception." (Id.). Leonard allegedly purchased her decryption device (a "T6 PS2 Wave Plus Complete") from "Computer Shanty" on November 23, 2001.

DIRECTV's Motion for Default Judgment seeks relief, for a sum certain, against Leonard for $12,018.25 plus interest. The breakdown of this amount is as follows: $10,000 for the principal amount, $151.25 for costs, and $1,867.00 in attorney's fees, plus post-judgment interest as provided by law. This court has some concerns with DIRECTV's assertion that the judgment is for a sum certain.

DIRECTV seeks damages against Rath pursuant to, among other things, 47 U.S.C. § 605(e)(C)(i)(II) which states:

> the party aggrieved may recover an award of statutory damages for
> each violation of subsection (a) of this section involved in the action
> in a sum of not less than $1,000 or more than $10,000, as the court
> considers just, and for each violation of paragraph (4) of this subsection
> involved in the action an aggrieved party may recover statutory damages
> in a sum not less than $10,000, or more than $100,000, as the court considers just.

Paragraph (4) of the subsection states:

> Any person who manufactures, assembles, modifies, imports, exports,
> sells, or distributes any electronic, mechanical, or other device or equipment...shall
> be fined not more than $500,000 for each violation, or imprisoned for not more
> than 5 years for each violation.

47 U.S.C. § 605 (e)(4).

DIRECTV, as indicated in their complaint, is alleging that damages should be awarded under 47 U.S.C. § 605 (e)(4) because Leonard effectively imported an illegal communication device through the mail, and, by removing, inserting, and actively programming the device, engaged in unlawful assembly or modification. This court questions whether Leonard's actions fall within the language of 47 U.S.C. § 605 (e)(4). Thus, this court recommends a hearing be held to determine which damages section of the Act applies to Leonard.

Therefore, it is the Report and Recommendation of the Magistrate Judge that a default order be entered against Leonard and that a hearing be held to determine the amount of damages and whether Leonard should be deemed a "person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment" under 47 U.S.C. § 605(e)(4).